The Honorable Marc Barreca
Hearing Date: October 18, 2018
Hearing Time: 9:30 am
Hearing Location: Seattle, WA
Response Date: October 11, 2018

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>DEMETRIUS BERTRAND DICKERSON, SR.,<br><br>Debtor. | Case No. 12-11284<br><br>Chapter 7<br><br>MERCHANTS CREDIT CORPORATION'S RESPONSE TO DEBTOR'S MOTION FOR SANCTIONS |

[COVER PAGE]

MERCHANTS CREDIT CORPORATION'S RESPONSE TO DEBTOR'S MOTION FOR SANCTIONS FOR DISCHARGE VIOLATION
6430387.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

# I. INTRODUCTION

Merchants Credit Corporation ("Merchants") requests that this Court deny the Motion for Sanctions for Discharge Violation, (Dkt 24), filed by debtor Demetrius Bertrand Dickerson, Sr. ("Mr. Dickerson").

Merchants did not intentionally violate the discharge injunction or act with bad faith. Shirley Dickerson ("Ms. Dickerson") owes a pre-marital separate debt and, even if Merchants erred, Merchants had a good-faith belief that it was permitted to garnish her wages to recover on this separate, nondischargeable debt. The writ of garnishment on Ms. Dickerson's earnings was released in August 2018 and her withheld earnings should have been returned to her by her employer. Merchants submits that an evidentiary hearing is not necessary to determine that Merchants did not willfully violate the discharge injunction and that sanctions are not warranted under 11 USC §105(a) or under the court's inherent authority. If however, this Court determines the debtor has made a prima facie showing sufficient to create a dispute of fact as to Merchants' intent, then an evidentiary hearing should be conducted first on whether contempt can be found and then a second hearing to determine alleged damages.

# II. FACTS

06/10/06    Ms. Bowen was provided medical treatment at Valley Medical Center, and incurred a pre-marital individual debt, which was assigned to Merchants on 10/19/06. Declaration of Scott Wiswall at ¶ 3 (citing Dkt 28-2 at p. 12 of 15) (the "Separate Debt").

07/07/07    Mr. Dickerson married Shirley "Bowen" Dickerson. (Dkt 25 at ¶ 2).

12/24/08    Ms. Bowen was provided medical treatment at Valley Medical Center, and incurred a community debt, which was subsequently assigned to Merchants on 04/28/09. (Dkt 28-2 at p. 13 of 15) (the "Community Debt").

11/06/09    Merchants served Ms. Dickerson with collection action pleadings, and these were subsequently filed on 12/15/09. (Dkt 28-1); (Dkt 28-2 at p. 15 of 15). The lawsuit

MERCHANTS CREDIT CORPORATION'S RESPONSE
TO DEBTOR'S MOTION FOR SANCTIONS - 1
6430387.doc

LEE · SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

was brought against Ms. Dickerson and "John Doe Dickerson." Mr. Dickerson was not individually named in the lawsuit, but the community was named as a John Doe party. (*Id*.). The Lawsuit sought to collect on both the Separate Debt and the Community Debt. *Id. See also* the Declaration of Scott Wiswall ("Wiswall Decl."), Ex. 1 at 15, 17, 18, 23.

01/07/10      Default Judgment in an amount of $ 6,219.93 was taken in the collection action. (Dkt 28-2 at pp. 2-5 of 15). The judgment identified the principal as being made up of the Separate Debt and the Community Debt ($ 1,494.49 + $ 3,614.77). (Dkt 28-2 at p. 5 of 15).

02/26/10      Application for a Writ of Garnishment, and Writ of Garnishment for Continuing Lien on Earnings was issued, seeking recovery of $ 6,244.45, which included both the Separate Debt and Community Debt. (Dkt 28-3).

02/12/12      Mr. Dickerson filed the above-captioned Bankruptcy Petition. (Dkt 1). Ms. Dickerson testifies that she chose not to file for bankruptcy in order to build her credit. (Dkt 26 at ¶ 20).[1] When Merchants received notice that Mr. Dickerson had filed for chapter 7 bankruptcy, it released a pending writ of garnishment, and ceased attempting to collect on the debts. Wiswall Decl. at ¶ 8, Ex. 1 at 33.

03/02/12      Merchants received a phone call from Mr. Dickerson's former attorney, Andrew Gebelt, in which Mr. Gebelt advised Merchants that it needed to cease collection of the Community Debt, also but advised Merchants that Merchants was permitted to collect on the Separate Debt. Wiswall Decl. at ¶ 9, Ex. 1 at 38-39. As testified to by Merchants' corporate representative, reviewing the collection notes:

> Received message from attorney's office. He said there was a stay for the community while the Banko was active. I said that I have no problems stopping the garnishment until the Banko is discharged. Once it is then the garnishment will continue. He said that he has no problem with that since the debt itself does not fall under the community property. I asked that he let the consumer know

---

[1] Ms. Dickerson would not have been eligible for a discharge under §727 if she had joined Mr. Dickerson's petition because she received a §727 discharge in 2006 in her own Chapter 7 in this Court, Case #06-11588.

MERCHANTS CREDIT CORPORATION'S RESPONSE
TO DEBTOR'S MOTION FOR SANCTIONS - 2
6430387.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

> that. We will honor the stay and release the garnishment but when Banko is discharged garnishment will start back up. He said okay.

Wiswall Decl. at ¶, Ex. 1 at 38-39. *See also Id.* at 95-96; (Dkt 35-7, Ex. A(6) at 33 of 44).

On the same day, Merchants filed a release for the Writ of Garnishment. (Dkr 28-4). Mr. Dickerson concedes: "Merchants stopped garnishing Shirley's wages in March of 2012, as required by the automatic stay … ." (Dkt 25 at ¶ 5); (Dkt 26 at ¶ 5).

06/12/12    Mr. Dickerson was granted a discharge. (Dkt 12). Upon learning of the discharge, Merchants immediately adjusted the records on its system to delete the Community Debt, while reflecting a continued attempt to collect on the bill that Ms. Dickerson had incurred prior to the marriage. Wiswall Decl. at 11, Ex. 1 at 35, 53, 55-58.

06/15/12    Mr. Dickerson's Bankruptcy case was closed.

08/01/12    Mr. Gebelt signed a letter, dated this date, demanding that Merchants not collect on the Community Debt, based on the bankruptcy discharge. (Dkt 27-1, Ex. B).[2]

04/18/18    Merchants issued an application for Writ of Garnishment, and Writ of Garnishment for Continuing Lien on Earnings, seeking $ 2,822.89. (Dkt 28-5). This remaining debt was substantially lower than the judgment originally obtained against her because it sought to collect only on the Separate Debt that Ms. Dickerson had accrued prior to her marriage in 2007. *See also* Wiswall Decl. at ¶ 14 (citing (Dkt 28-2 at p. 12 of 15)).

04/27/18    Ms. Dickerson "received a letter from her employer informing her that she still owed Merchants $2,918.00." (Dkt 25 at ¶ 7); (Dkt 26 at ¶ 7). Again, this amount constituted collection only of Ms. (Bowen) Dickerson's Separate Debt.

06/08/18    Attorney Christina Henry sent Merchants a letter demanding that it cease all collection against both Mr. and Ms. Dickerson. (Dkt 27-1). This demand was materially

---

[2] It is questionable whether Merchants received this letter around the time it was dated, since the first mention of the letter is in Merchant's collection notes is in 2018, when Ms. Dickerson faxed it to Merchants and it is not addressed to Merchants.

MERCHANTS CREDIT CORPORATION'S RESPONSE
TO DEBTOR'S MOTION FOR SANCTIONS - 3
6430387.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

different than the understanding Merchants had received from Mr. Gebelt on 03/02/12. Wiswall Decl. at ¶ 15, Ex. 1 *generally*. It is of note that Ms. Dickerson testifies that, sometime around April or May 2018: "I then contacted the attorney who represented us during the 2012 bankruptcy and asked for his help. He said there wasn't much he could do unless I wanted to file Chapter 7 bankruptcy myself." (Dkt 26 at ¶ 20). This statement by the former attorney is consistent with Merchants notes that he had indicated to Merchants that it would be permissible for Merchants to continue collecting solely as to Ms. Dickerson's individual debts.

06/26/18	This Court permitted Mr. Dickerson to Reopen Bankruptcy. (Dkt 16).

06/26/18	Ms. Henry substituted in as counsel for Mr. Dickerson. (Dkt 17).

07/25/18	Ms. Henry filed the Motion for Sanctions for Discharge Violation, and supporting declarations and exhibits. (Dkt 24 – Dkt 28),

08/22/18	Merchants filed a Release of Writ of Garnishment. Any withheld wages should have been returned to Ms. Dickerson by her employer. Wiswall Decl. at ¶ 16, Ex. 2.

### III. ARGUMENT AND AUTHORITY

**A.	This Court should strike Mr. Dickerson's Supplemental Brief.**

Merchants requests that Mr. Dickerson's "Supplemental Brief" be stricken. (Dkt. 34). LCR 7(e)(2), made applicable by LBR 9029-2, limits to 12 pages Mr. Dickerson's motion for sanctions. Mr. Dickerson's initial brief already skirted the 12-page limit. (Dkt 24). The rules provide for a motion, response and reply. LBR 9013-1(d)(1), (3)-(4). Supplemental briefs that extend the length of the initial motion are not authorized. Without authorization from this Court, Mr. Dickerson filed an unauthorized brief that more than doubles his permissible page limit. Mr. Dickerson's Supplemental Brief is highly irregular and should be stricken.

In addition, Ms. Henry's supplemental declaration fails to redact her client's Social Security number, date of birth, and other confidential information prohibited by this Court's rules. *See e.g.,* (Dkt. 35-7, pp. 2, 8, 25).

MERCHANTS CREDIT CORPORATION'S RESPONSE
TO DEBTOR'S MOTION FOR SANCTIONS - 4
6430387.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 37    Filed 10/11/18    Ent. 10/11/18 08:07:33    Pg. 5 of 13

### B. Collection may be made on an individual pre-marital debt.

The automatic stay "affords no protection to nondebtors or their property, nor does the discharge injunction under § 524, except to the limited extent provided by § 524(a)(3)." *In re Moore*, 318 B.R. 679, 682 (Bankr. W.D. Wis. 2004); *In re Newcomer*, 438 B.R. 527, 546 (Bankr. D. Md. 2010) (loan servicer's post-discharge attempts to collect deed of trust loan from Chapter 13 debtor's non-debtor wife did not violate discharge injunction). It was Merchants' intent to only collect on a non-debtor spouse's premarital Separate Debt. *See* Wiswall Decl. at ¶¶ 11, 13-14, Ex. 1; (Dkt 28-2 at p. 12 of 15); (Dkt 28-2 at p. 13 of 15). Mr. Dickerson makes no distinction between 2006 Separate Debt, and the 2008 Community Debt. (Dkt 28-2 at pp. 12, 13 of 15). It is reasonable for a creditor to believe that a separate premarital debt is a "separate claim," especially because a "community claim," is defined as "a claim that arose before the commencement of the case **concerning the debtor**," 11 U.S.C. § 101(7) (emphasis added), and Ms. Dickerson's separate premarital medical debt did not concern Mr. Dickerson.

### C. Merchants should not be held in contempt for proceeding in good faith in a manner authorized by Mr. Dickerson's first attorney.

A party who is shown by clear and convincing evidence to have knowingly violated the discharge injunction under § 524(a)(2) can be held in contempt under § 105(a). *In re Taggart*, 548 B.R. 275, 286 (B.A.P. 9th Cir. 2016), *aff'd*, 888 F.3d 438 (9th Cir. 2018) (reversing a finding of knowing violation).

> The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply.

*Taggart*, 888 F.3d at 443 (citations and quotation marks omitted).

There is a two-part test to determine the propriety of a contempt sanction in the context of a discharge injunction. *Id*. To justify sanctions under §105, the movant must prove that the creditor (1) knew discharge injunction was applicable and (2) intended actions that violated the

MERCHANTS CREDIT CORPORATION'S RESPONSE
TO DEBTOR'S MOTION FOR SANCTIONS - 5
6430387.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 37    Filed 10/11/18    Ent. 10/11/18 08:07:33    Pg. 6 of 13

injunction. *Id*. To satisfy the first prong, knowledge of the applicability of the injunction must be proved as a matter of fact and may not be inferred simply because the creditor knew of the bankruptcy proceeding. *Id*. "Additionally, **the creditor's good faith belief that the discharge injunction does not apply to the creditor's claim precludes a finding of contempt, even if the creditor's belief is unreasonable**." *Taggart*, 888 F.3d at 444 (emphasis added).

Mr. Dickerson cites *Taggart*, but omits salient portions of its opinion regarding what it means for a violation to be "knowing." Any violation here was not knowing. The default judgment against the Dickersons included the Separate Debt and Community Debt. (Dkt 28-2 at pp. 2-5 of 15). Merchants understood from Mr. Dickerson's initial bankruptcy attorney that Merchants was permitted to collect on Ms. Dickerson's separate debt after Mr. Dickerson's bankruptcy was completed. Wiswall Decl. at ¶ 9, Ex. 1 at 38-39, 95-96. By his own evidence, Mr. Dickerson's first attorney apparently had the same understanding when he advised Ms. Dickerson that she could not stop the garnishment, except by declaring bankruptcy herself. (Dkt 26 at ¶ 20). Merchants ceased collection of the Community Debt, and sought only amounts related to the non-debtor spouse's pre-marital Separate Debt. Wiswall Decl. at ¶¶ 11, 13, 15. The evidence from both parties shows that Merchants had a good-faith belief that the discharge injunction did not preclude its efforts to collect Ms. Dickerson's pre-marital Separate Debt in the manner that it did; so this Court should deny Mr. Dickerson's motion for contempt sanctions. *Taggart*, 888 F.3d at 444; *Zilog*, 450 F.3d at 1009, n14. *See also In re Hardej*, 563 B.R. 855, 867 (Bankr. N.D. Ill. 2017) (though discharge injunction was violated, bankruptcy court declined to award damages where creditor believed that debts were not discharged).

Merchants released the Writ of Garnishment on August 22, 2018, Wiswall Decl., Ex. 2, so there is no need for the Court to compel any action.

MERCHANTS CREDIT CORPORATION'S RESPONSE
TO DEBTOR'S MOTION FOR SANCTIONS - 6
6430387.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 37    Filed 10/11/18    Ent. 10/11/18 08:07:33    Pg. 7 of 13

Based on the facts of this case, it is not appropriate for this Court to issue a contempt order against Merchants under 11 U.S.C. § 105.

### D. Sanctions under the Court's inherent authority is not appropriate because Merchants did not act willfully in bad faith.

Mr. Dickerson argues that, even if sanctions for contempt are appropriately denied under § 105, this Court has inherent authority to sanction "bad faith" or "willful misconduct."

> Civil contempt is the normal sanction for violation of the discharge injunction. … compensatory civil contempt allows an aggrieved debtor to obtain compensatory damages, attorneys fees, and the offending creditor's compliance with the discharge injunction. Therefore, contempt is the appropriate remedy and no further remedy is necessary.

*Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir. 2002).

Sanctions under the Court's inherent authority would not be justified, even if they were available here. Before imposing sanctions under its inherent sanctioning authority, a court must make an explicit finding of bad faith or willful misconduct. *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003). Bad faith or willful misconduct consists of something more egregious than mere negligence or recklessness. *Id*. Unlike sanctions under the contempt statute, to impose sanctions under the court's inherent power, it is necessary to show that the person had a specific intent to commit a violation. *Id*. Mere ignorance or inadvertence is not enough to support a sanction award under the inherent authority. *Id.*, at 1196-1197.

At most, Mr. Dickerson presents facts that could support a finding of inadvertent error, mistake, or ignorance; not bad faith or willful misconduct. As established by the evidence, there was a Separate Debt and a Community Debt. Wiswall Dec. at ¶¶ 3, 5; (Dkt 28-2 at p. 12-13 of 15). The Community Debt was released when Mr. Dickerson received his discharge, Merchants adjusted its records to abandon any further collection of the Community Debt and Merchants subsequently sought to recover only on the Separate Debt consistent with what Mr. Dickerson's first attorney said Merchants could do. Wiswall Decl. at ¶¶ 9, 11, 13-14, Ex. 1

MERCHANTS CREDIT CORPORATION'S RESPONSE
TO DEBTOR'S MOTION FOR SANCTIONS - 7
6430387.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 37    Filed 10/11/18    Ent. 10/11/18 08:07:33    Pg. 8 of 13

at 35, 38-39, 95-96. Merchant's good-faith belief that garnishment would not violate the discharge injunction was apparently shared by Mr. Gebelt, who not only told Merchants it could collect on Ms. Dickerson's Separate Debt, *id*., but also told Ms. Dickerson after the garnishment commenced that there was nothing she could do to stop garnishment but declare bankruptcy herself. (Dkt 26 at ¶ 20). Merchants did not act in bad faith or engage in willful misconduct intended to violate the injunction, and it would be an abuse of discretion to sanction Merchants under these facts based on inherent authority.

### E. No evidentiary hearing is needed

While knowledge of the injunction is ordinarily a question of fact to be resolved after an evidentiary, no evidentiary hearing need be held where facts are not in dispute. *In re ZiLOG, Inc.*, 450 F.3d 996, 1007, n11 (9th Cir. 2006) (citing *Dyer*, 322 F.3d at 1191–92). An evidentiary hearing is not needed to determine whether Merchants was aware of the injunction. Merchants does not dispute it was aware of the injunction, and it took steps to avoid violating the injunction by removing the Community Debt from its system. Wiswall Decl. at ¶¶ 11, 13. In addition, Mr. Dickerson has submitted voluminous documents for review by this Court, and both the Dickersons and Merchants have provided testimony.

Mr. Dickerson does not meet the burden of showing by clear and convincing evidence a knowing violation of the discharge injunction. Rather, the evidence supports that, even if it was in error, Merchants had a good-faith belief that its actions did not violate the injunction. If this Court does find an evidentiary hearing is necessary to determine Merchants' intent, then Merchants requests that Mr. Dickerson's motion for contempt be treated as a contested matter, pursuant to FRBP 9020, and that the rules of Part VII of the FRBP apply pursuant to FRBP 9014. In particular, if needed, this Court should bifurcate the evidentiary hearing and first determine whether there is liability for contempt under §105 or for willful misconduct under

MERCHANTS CREDIT CORPORATION'S RESPONSE
TO DEBTOR'S MOTION FOR SANCTIONS - 8
6430387.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 37    Filed 10/11/18    Ent. 10/11/18 08:07:33    Pg. 9 of 13

the court's inherent authority and then, if liability is determined, convene a subsequent hearing to determine damages, after permitting Merchants an opportunity for discovery related to the Dickersons' claimed damages.

### F. In an abundance of caution, Merchants provides a brief analysis as to certain aspects of the Dickerson's' claimed damages.

The Court should not find liability or award sanctions or damages; but Merchants offers the following few observations on claimed damages. If the Court finds liability, any ruling on damages should be made only after discovery and an evidentiary hearing.

#### 1. Ms. Dickerson, a non-debtor spouse, lacks standing to seek damages in her role as a non-debtor spouse.

The Ninth Circuit has limited standing to assert claims for violation of either a stay or injunction to individuals that Congress designated as beneficiaries. *In re Brooks*, 871 F.2d 89, 90 (9th Cir.1989). Third party co-owners of property at issue in a bankruptcy action generally lack standing to assert a violation of the automatic stay or discharge injunction. So, for example, in *In re Dawson*, 390 F.3d 1139 (9th Cir. 2004), the primary case cited by the Dickersons in seeking emotional distress damages, the Ninth Circuit held:

> George Dawson provided a declaration describing his alleged emotional distress. **His wife submitted a declaration describing the emotional distress that she allegedly suffered, but she was not a debtor whose damages could be compensable under § 362(h),** and she did not give evidence relating to her husband's alleged distress. No other evidence was presented on the issue of emotional distress.

*Dawson*, 390 F.3d at 1150 (emphasis added).[3]

---

[3] *See also In re Newcomer*, 438 B.R. 527, 530m n1 (Bankr. D. Md. 2010) (indicating that wife's claims related to violation of the stay and injunction had been previously dismissed for lack of standing); *In re Emergency Room Mobile Servs., L.L.C.*, 529 B.R. 676, 690 (N.D. Tex. 2015) ("the discharge injunction does not discharge the debts of non-debtors, and thus, Marable lacks standing to pursue claims for alleged violations of the discharge injunction entered for the benefit of the Debtor"); *In re Rolanti*, 2015 WL 1576275, at *1, n1 (Bankr. D. Mass. Apr. 2, 2015) ("Rolanti's son and daughter-in-law, as non-debtors, lack standing to bring a motion for a stay or discharge violation–they did not file bankruptcy petitions, were not protected by the automatic stay in Rolanti's case, and are not beneficiaries of Rolanti's discharge"). Bankruptcy courts also routinely dismiss non-debtor

MERCHANTS CREDIT CORPORATION'S RESPONSE
TO DEBTOR'S MOTION FOR SANCTIONS - 9
6430387.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 37    Filed 10/11/18    Ent. 10/11/18 08:07:33    Pg. 10 of 13

Based on Ninth Circuit law, if an award of damages were appropriate (they are not), any such damages should be limited only to those sustained by the debtor himself.

### 2. Contempt authority provides only civil, not punitive, sanctions.

The bankruptcy court's contempt authority, under § 105(a), is civil contempt authority, that authorizes only civil sanctions as available remedies. *Dyer*, 322 F.3d at 1192. Criminal contempt sanctions are not available under § 105(a). *Id.* at 1193. The language of § 105(a) authorizes only remedies "necessary" to enforce the bankruptcy code, which includes compensatory damages, attorney fees, and the creditor's compliance. *Id.* This is true for both statutory violations and awards under the bankruptcy court's inherent authority. *Id.*

### 3. Emotional distress damages.

To be entitled to emotional distress damages, an individual must (1) suffer significant harm, (2) clearly establish the significant harm, and (3) demonstrate a causal connection between that significant harm and the violation. *Dawson*, 390 F.3d at 1149. *See also In re Feldmeier*, 335 B.R. 807, 813–14 (Bankr. D. Or. 2005). Not every willful violation merits compensation for emotional distress. *Id.* "Fleeting or trivial anxiety or distress does not suffice to support an award; instead, an individual must suffer **significant emotional harm**." *Dawson*, 390 F.3d at 1149 (emphasis added). In addition, as discussed above, only the debtor's emotional distress is available, not that of a non-debtor spouse. *Id.* at 1150. There is no other private right of action otherwise available under §524. *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 509 (9th Cir. 2002).

Mr. Dickerson states in his declaration that he feels "disrespected" by being referred to as a John Doe in the pleadings, though he does not indicate that this caused emotional damage.

---

spouses' damage claims for violations of the much broader automatic stay. *See In re Brooks*, 79 B.R. 479, 481 (Bankr. 9th Cir.1987); *In re Globe Inv. & Loan Co.*, 867 F.2d 556, 559–60 (9th Cir.1989); *Sanchez v. Torres*, 2008 WL 1701900, at *6 (N.D.Cal. April 10, 2008).

MERCHANTS CREDIT CORPORATION'S RESPONSE
TO DEBTOR'S MOTION FOR SANCTIONS - 10
6430387.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 37    Filed 10/11/18    Ent. 10/11/18 08:07:33    Pg. 11 of 13

(Dkt 25 at 11). Mr. Dickerson indicates that it is humiliating to ask for money from his family to help make ends meet, (*id*. at ¶ 12), but Merchants is aware the Dickersons have significant other post-petition debts, and the need to ask relatives for money may have been present regardless of the brief garnishment. Mr. Dickerson also claims that he feels marital stress due to watching his wife cry, (*id*. at ¶ 13), but Ms. Dickerson's claimed emotional distress is not compensable, there may be other causes for her crying, and her stress from collection of her Separate Debt is not something that is recoverable. Finally, Mr. Dickerson says he was "distracted and stressed out" at his daughter's graduation because "they have had to live through this." (*Id* at ¶ 14). The evidence from Mr. Dickerson does not reflect "significant emotional harm," and there are many problems with the requirement to show causation, especially in light of the additional post-petition debts the Dickersons have already accrued.

### 4. Attorney fees, if they are compensable here, are limited to amounts accrued between 04/18/18 and 08/22/18.

A bankruptcy court has discretion to impose attorney fee damages for contempt. 11 U.S.C. §§ 105(a) and 362; *Dye*r, 322 F.3d at 1189-95. A debtor can recover only fees to remedy the violation itself. *In re Snowden*, 769 F.3d 651, 660 (9th Cir. 2014). Fees related to proving damages are disallowed under the American Rule. *Id*. As such, if any attorney fees were going to be awarded, they would only be available for the time between the issuing of the writ of garnishment to the release of the writ of garnishment, which dates are between 04/18/18 – 08/22/18. *See* (Dkt 28-3); Wiswall Decl., Ex. 2. Any attorney fees outside of these dates would be properly denied.

## IV. CONCLUSION

This Court should deny Mr. Dickerson's motion for a contempt order. The evidence shows that, even if its actions were in error, Merchants acted under a good-faith belief that it was properly collecting on a Separate Debt; a belief derived from, and apparently shared with,

MERCHANTS CREDIT CORPORATION'S RESPONSE
TO DEBTOR'S MOTION FOR SANCTIONS  - 11
6430387.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle ·WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 37    Filed 10/11/18    Ent. 10/11/18 08:07:33    Pg. 12 of 13

the Dickerson's initial bankruptcy attorney. The writ of garnishment on Ms. Dickerson's earnings was released months ago, and her withheld prior earnings should have been returned by her employer, so there is nothing for this Court to compel.

An evidentiary hearing is not necessary to determine that Merchants is not liable on grounds of contempt, bad-faith, or willful misconduct. However, if the court finds that Mr. Dickerson has met his evidentiary burden, Merchants requests that the case be bifurcated between liability and damages, that an evidentiary hearings on liability be held first, if needed, the damage issue can be addressed after a reasonable period for discovery.

DATED this 11th day of October, 2018.

LEE SMART, P.S., INC.

By: s/ Marc Rosenberg
    Marc Rosenberg, WSBA No. 31034
    Of Attorneys for
    Merchants Credit Corporation

    1800 One Convention Place
    701 Pike Street
    Seattle, WA 98101
    (206) 262-8308
    mr@leesmart.com


JAMES E. DICKMEYER, PC

By    /s/ James E. Dickmeyer
    James E. Dickmeyer  WSBA #14318
    Attorney for
        Merchants Credit Corporation

MERCHANTS CREDIT CORPORATION'S RESPONSE
TO DEBTOR'S MOTION FOR SANCTIONS - 12
6430387.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 37    Filed 10/11/18    Ent. 10/11/18 08:07:33    Pg. 13 of 13