The Honorable Marc Barreca
Chapter 7
Hearing Date: November 16, 2018
Hearing Time: 11:30 am
Hearing Location: US Courthouse / Seattle, WA
Response Date: November 16, 2018 at 9:00 am

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re:<br><br>DEMETRIUS BERTRAND DICKERSON, SR.,<br><br>Debtor. | Case No. 12-11284<br><br>MERCHANTS CREDIT CORP.'S RESPONSE TO MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER |

## I. INTRODUCTION

Merchants Credit Corporation ("Merchants") requests that this Court deny debtor Demetrius Dickerson's Motion to Quash Subpoena and for a Protective Order. [Dkt 70]. The reasons for denial include, but are not limited to, the following grounds.

1.  Mr. Dickerson moves for a Protective Order without first seeking to have, or participating in, a discovery conference;

2.  The information sought from non-debtor spouse, Shirley Dickerson, relates to her discussions with Merchants, and is relevant to the state of mind of Merchants' employees that were working on her account.

This Court should therefore enter an Order denying Mr. Dickerson's motion for a protective order seeking to quash his wife's deposition, and should require Ms. Dickerson to sit for deposition and respond to questions, including questions related to her communications with Andrew Gebalt, where she has waived privilege by offering testimony about her communications with him.

MERCHANTS CREDIT CORP.'S RESPONSE TO
MOTION TO QUASH SUBPOENA AND FOR A
PROTECTIVE ORDER - 1
6437863.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle ·WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 75    Filed 11/15/18    Ent. 11/15/18 08:42:33    Pg. 1 of 9

## II. FACTS

### A. Ms. Dickerson's premarital separate debt was not discharged.

The basic facts of this matter are known to this Court from several recent motions. Shirley Dickerson, a non-debtor spouse, accrued a premarital separate debt. (Dkt 25 at ¶ 2); (Dkt 28-2 at p. 12 of 15) (the "Separate Debt"). Merchants had previously received a phone call from Mr. Dickerson's former attorney, Andrew Gebelt, advising Merchants it needed to cease collection of a community debt, also but advising Merchants that it was permitted to collect on the Separate Debt. (Dkt 38 at ¶ 9); (Dkt 38-1, Ex. 1 at 38-39, 95-96); (Dkt 35-7, Ex. A(6) at 33 of 44). Mr. Dickerson was granted a discharge on June 12, 2012, (Dkt 12), at which time Merchants adjusted its records to delete the Community Debt, while reflecting a continued attempt to collect on the bill that Ms. Dickerson had incurred prior to the marriage. (Dkt 38 at ¶ 11); (Dkt 38-1, Ex. 1 at 35, 53, 55-58).

### B. Ms. Dickerson contacted Merchants and drew its attention away from the real issues by asserting many erroneous claims about the separate debt.

The evidence will show that Merchants adopted the model policies issued by the collection industry's primary trade associations. None of the model policies addressed the situation where there was a premarital separate debt of a non-debtor spouse, and no one at Merchants recalls having faced this situation before. After a writ of garnishment was issued, Ms. Dickerson had many calls with Merchants. Declaration of Marc Rosenberg, Ex. 1 [04/30/18], Ex. 2 [05/03/18], Ex. 3 [05/10/18]. In the recordings, Ms. Dickerson raised numerous erroneous grounds as to why she believed Merchants could not collect on the debt (e.g., that her Separate Debt was discharged by Mr. Dickerson's discharge). *See* highlights in Ex. 1 – Ex. 3. Ms. Dickerson never argued that Merchants could not garnish her wages because her wages were community property. As such, these conversations, which Merchants wishes to discuss with her at deposition, diverted Merchants attention from what is now understood to be the violation.

MERCHANTS CREDIT CORP.'S RESPONSE TO
MOTION TO QUASH SUBPOENA AND FOR A
PROTECTIVE ORDER - 2
6437863.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 75    Filed 11/15/18    Ent. 11/15/18 08:42:33    Pg. 2 of 9

C. **Ms. Dickerson waived attorney-client privilege as to her communications with Mr. Gebelt, as she used them as evidence to support her motion, and these communications are also relevant as to Merchants subjective belief.**

Ms. Dickerson also testified that, around April 2018: "I then contacted the attorney who represented us during the 2012 bankruptcy and asked for his help. He said there wasn't much he could do unless I wanted to file Chapter 7 bankruptcy myself." (Dkt 26 at ¶ 20).[1] By submitting communications with their prior attorney as evidence, Ms. Dickerson has waived attorney-client privilege as to those communications, and Merchants should be permitted to conduct discovery on this topic, since its communications with Mr. Gebelt affected its state of mind, and this state of mind may be confirmed by inquiries to Ms. Dickerson.

D. **Ms. Dickerson filed her motion for protective order without seeking a discovery conference, and the grounds for her motion are solely relevance.**

Merchants served a deposition subpoena on Ms. Dickerson, (Dkt 71-3), and Ms. Dickerson's objected solely on grounds of relevance. (Dkt 71-5). She proposed resetting the deposition to a few days before the evidentiary hearing, (*id*.), which would provide no time to obtain the discovery before the hearing. Merchants responded:

> We have considered the proposals made below, and do not believe they are feasible based on the holidays, limited hearing dates with the courts, and my current workload. What I would do is agree to set back the evidentiary hearing to January, along with corresponding dates. This would give us time to brief the issues, have your motion heard in December, and then, if the motion is denied, still obtain the deposition in time for the evidentiary hearing.

(Dkt 71-5).

Ms. Dickerson's rejected this reasonable proposal, and again suggested that her deposition should be re-noted on December 7, just a week before the evidentiary hearing. Rosenberg Decl., Ex. 4 at 2. Ms. Dickerson's email also indicated that the only possible basis to depose Ms. Dickerson would be damages, and that this hearing was only on liability. *Id*.

---

[1] This statement by the former attorney is consistent with Merchants notes that he had indicated to Merchants that it would be permissible for Merchants to continue collecting solely as to Ms. Dickerson's individual debts. (Dkt 38 at ¶ 9); (Dkt 38-1, Ex. 1 at 38-39).

MERCHANTS CREDIT CORP.'S RESPONSE TO
MOTION TO QUASH SUBPOENA AND FOR A
PROTECTIVE ORDER - 3
6437863.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Ms. Dickerson conveniently omits the fact that, defense counsel responded that "[o]ur planned deposition of Ms. Dickerson has nothing to do with damages" and that "this deposition will be limited to issues related to alleged liability." Rosenberg Decl., Ex. 1 at 1. Merchants also reiterated that "We believe that we have been reasonable in offering to stipulate to a one-month continuance of the evidentiary hearing to permit you to bring your motion to quash. The offer remains open."

Ms. Dickerson then filed her motion for protective order on shortened time without first even requesting a discovery conference. Rosenberg Decl. at ¶ 7.

### III. POINTS AND AUTHORITIES

**A. Ms. Dickerson's motion should be denied where she brought a discovery motion without first seeking or participating in a discovery conference.**

> Any motion for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

Western District, RCW 26(c). *See also* Fed.R.Civ.P. 26(c).[2]

While Merchants indicated it did not believe it needed to hold a discovery conference before issuing a deposition subpoena, this has nothing to do with whether Ms. Dickerson needed to make efforts to hold a meet and confer prior to bringing a motion for protective order. Ms. Dickerson made no request for a discovery conference prior to filing her motion for protective order, and no discovery conference has been held.

---

[2] FRBP 9020 provides that FRBP 9014 applies in contempt proceedings. FRBP 9014 specifies that unless the court provides otherwise, FRBP 7026 and 7028-7037 apply. Those rules incorporate the Federal Rules of Civil Procedure ("Fed.R.Civ.P."). Local Bankruptcy Rule 7026-1 specifies that Western District Court LCR 26 through LCR 37 apply to adversary proceedings and contested matters, except to the extent they are inconsistent with Fed. R. Bankr. P. 9014(c), and unless otherwise ordered.

MERCHANTS CREDIT CORP.'S RESPONSE TO MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER - 4
6437863.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 75    Filed 11/15/18    Ent. 11/15/18 08:42:33    Pg. 4 of 9

**B. It is improper to seek a protective order and try to quash a deposition based solely on claims or relevance, and the evidence sought is relevant.**

Pre-trial discovery is ordinarily "accorded a broad and liberal treatment." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (citing *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947)).

> If no claim of privilege applies, a non-party can be compelled to produce evidence regarding any matter "relevant to the subject matter involved in the pending action" or "reasonably calculated to lead to the discovery of admissible evidence." See Fed.R.Civ.P. 26(b)(1). This broad right of discovery is based on the general principle that litigants have a right to "every man's evidence," *United States v. Bryan*, 339 U.S. 323, 331, 70 S.Ct. 724, 730, 94 L.Ed. 884 (1950), and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth.

*Shoen*, 5 F.3d at 1292.

Ms. Dickerson does not claim privilege; she seeks to avoid being deposed solely because, in her opinion, her testimony is not "relevant" to the instant dispute.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c).

> In general, the party seeking a protective order for discovery materials must demonstrate that good cause exists for the protection of that evidence. "Good cause" is established where it is specifically demonstrated that disclosure will cause a specific prejudice or harm. Courts have held that the showing of good cause under Rule 26 is a heavy burden. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.

*Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827 (9th Cir. 2004) (citations / quotation marks omitted).

Ms. Dickerson is not seeking a protective order on any of the legitimate grounds provided by the civil rules. Instead, she is seeking to avoid being deposed because, in her opinion, the evidence she has is not "relevant" to the instant dispute.

In addition, even if relevance alone were a proper basis on which to try and quash a deposition, the testimony sought is relevant to the evidentiary hearing.

MERCHANTS CREDIT CORP.'S RESPONSE TO MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER - 5
6437863.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 75    Filed 11/15/18    Ent. 11/15/18 08:42:33    Pg. 5 of 9

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed.R.Evid. 401. "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). In regard to employees that worked on Ms. Dickerson's account, there were factors that affected their states of mind and caused them to form certain conclusions as to the propriety as to what they were doing, and these facts are relevant. Here, Merchants seeks to conduct the deposition on two primary topics.

### 1. Evidence regarding Ms. Dickerson's calls to Merchants is relevant.

First, Merchants wishes to explore the multiple calls that Ms. Dickerson made to Merchants prior to her current attorney being retained. While there are other reasons why the garnishment was not immediately lifted after Ms. Henry wrote her letter, which will be put into evidence later, Merchants believes it must still account for the period between the issuance of the garnishment and the letter being sent by Ms. Henry, unless Ms. Dickerson wishes to stipulate that her claims do not relate to this period of time. During this time, Ms. Dickerson's complaints related to the quality of the debt (i.e., whether it was community), and not the quality of the asset used to satisfy the debt (i.e., her wages). Thus, Ms. Dickerson focused Merchants on investigating such things as: (1) whether her post-petition premarital separate debt was discharged by her earlier Chapter 7 bankruptcy; (2) whether her premarital separate debt was discharged by her earlier unconfirmed Chapter 13 bankruptcy; (3) whether her premarital separate debt was discharged by Mr. Dickerson's separate Chapter 7 bankruptcy, and (4) a claimed failure to properly serve. Ms. Dickerson drew Merchants attention to one meritless assertion after another, and away from the currently recognized crucial issue; whether the source of payment of this premarital separate debt (i.e., her wages) resulted in a violation. As such, Merchants state of mind was affected by these conversations, and Merchants should have the right to explore them.

MERCHANTS CREDIT CORP.'S RESPONSE TO
MOTION TO QUASH SUBPOENA AND FOR A
PROTECTIVE ORDER - 6
6437863.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 75    Filed 11/15/18    Ent. 11/15/18 08:42:33    Pg. 6 of 9

**2. Ms. Dickerson waived privilege as to certain communications with Andrew Gebelt, and these communications are relevant.**

**a. Ms. Dickerson waived privilege as to certain communications with Andrew Gebelt.**

The attorney-client privilege applies to communications and advice between an attorney and client. *Pappas v. Holloway*, 114 Wn.2d 198, 203, 787 P.2d 30, 34 (1990). Because the privilege sometimes results in the exclusion of evidence otherwise relevant and material, and may thus be contrary to the philosophy that justice can be achieved only with the fullest disclosure of the facts, the privilege is not absolute; rather, it is limited to the purpose for which it exists. *Id*, 114 Wn.2d at 203–04, 787 P.2d at 34. The attorney-client privilege can ordinarily be waived only by the client, to whom the privilege belongs. *Dietz v. Doe*, 131 Wn.2d 835, 850, 935 P.2d 611, 618 (1997). Offering an attorney's testimony concerning matters learned in the course of his employment waives the attorney-client privilege, and such a waiver cannot be delayed until the trial itself. *Kammerer v. W. Gear Corp.*, 96 Wn.2d 416, 420, 635 P.2d 708, 711 (1981). Voluntary disclosure of the content of a privileged attorney communication "constitutes waiver of the privilege as to all other such communications on the same subject." *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010).

Ms. Dickerson testified that she: "contacted the attorney who represented us during the 2012 bankruptcy and asked for his help. He said there wasn't much he could do unless I wanted to file Chapter 7 bankruptcy myself." (Dkt 26 at ¶ 20).[3] By submitting communications with her prior attorney, Andrew Gebelt, as evidence in this Court, Ms. Dickerson waived attorney-client privilege as to the substance of these communications.

---

[3] This statement by the former attorney is consistent with Merchants notes that he had indicated to Merchants that it would be permissible for Merchants to continue collecting solely as to Ms. Dickerson's individual debts. (Dkt 38 at ¶ 9); (Dkt 38-1, Ex. 1 at 38-39).

MERCHANTS CREDIT CORP.'S RESPONSE TO
MOTION TO QUASH SUBPOENA AND FOR A
PROTECTIVE ORDER - 7
6437863.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

### b. Mr. Gebelt's statements to Ms. Dickerson may

Mr. Gebelt's statements to Ms. Dickerson are potentially very relevant to Merchants' state of mind. Merchants had previously received a phone call from Mr. Dickerson's former attorney, Andrew Gebelt, advising Merchants it needed to cease collection of a community debt, also but advising Merchants that it was permitted to collect on the Separate Debt. (Dkt 38 at ¶ 9); (Dkt 38-1, Ex. 1 at 38-39, 95-96); (Dkt 35-7, Ex. A(6) at 33 of 44). As such, Merchants and Mr. Gebelt both seemed agreed that collecting on the premarital separate debt by garnishing wages was acceptable. Thus, when Ms. Dickerson called Mr. Gebelt, and he told her that there was nothing she could do to stop the garnishment short of declaring bankruptcy herself, he may have also made other statements to her that bolster the position that Merchants had a good-faith belief that its actions did not violate the discharge injunction. Merchants should be able to explore these facts at Ms. Dickerson's deposition.

### IV. CONCLUSION

This Court should deny Ms. Dickerson's motion to quash and for a protective order. Ms. Dickerson failed to seek a discovery conference before bringing her motion for protective order; and her motion is based solely on relevance, which is not a basis for a protective order in Rule 26(c). In addition, even if it were, the evidence sought is relevant and discoverable.

DATED this 15th day of October, 2018.

> LEE SMART, P.S., INC.
>
> By: /s Marc Rosenberg
> Marc Rosenberg, WSBA No. 31034
> Of Attorneys for
> Merchants Credit Corporation
>
> 1800 One Convention Place
> 701 Pike St.
> Seattle, WA 98101-3929
> (206) 624-7990
> mr@leesmart.com

MERCHANTS CREDIT CORP.'S RESPONSE TO MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER - 8
6437863.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 75    Filed 11/15/18    Ent. 11/15/18 08:42:33    Pg. 8 of 9

# CERTIFICATE OF SERVICE

I hereby certify that on the date provided at the signature below, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individual(s):

Christina L. Henry          chenry@hdm-legal.com

James E. Dickmeyer          jim@jdlaw.net

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

DATED this 15th day of October, 2018.

                              LEE SMART, P.S., INC.

                              By: s/ Marc Rosenberg
                                  Marc Rosenberg, WSBA No. 31034
                                  Of Attorneys for
                                  Merchants Credit Corporation

                                  1800 One Convention Place
                                  701 Pike Street
                                  Seattle, WA 98101
                                  (206) 262-8308
                                  mr@leesmart.com

MERCHANTS CREDIT CORP.'S RESPONSE TO MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER - 9
6437863.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 75    Filed 11/15/18    Ent. 11/15/18 08:42:33    Pg. 9 of 9