The Honorable Marc Barreca
Chapter 7
Hearing Date: December 13, 2018
Hearing Time: 9:30 am
Hearing Location: US Courthouse / Seattle, WA

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re: | Case No. 12-11284 |
| DEMETRIUS BERTRAND DICKERSON, SR., | MERCHANTS CREDIT CORPORATION'S HEARING BRIEF |
| Debtor. | |

Defendant Merchants Credit Corporation ("Merchants") submits this brief for the evidentiary hearing set on December 13, 2018 at 9:30 am, in the U.S. Bankruptcy Court for the Western District of Washington in Seattle, before the Honorable Marc Barreca.

This hearing is limited to whether debtor Demetrius Dickerson can prove, through clear and convincing evidence, that Merchants intentionally violated his discharge injunction. The evidence clearly shows the contrary, and the court should deny sanctions.

**I. STATEMENT OF FACTS**

Merchants intends to present the relevant facts through four witnesses: (1) Compliance Officer Alex Sandoval, (2) Operations Manager, Carol Taylor, (3) in-house counsel Jason Woehler, and Collection Manager Scott Wiswall. The evidence will show the following.

Almost all written policies used by Merchants were taken from model policies prepared by a leading trade organizations for collection agencies. Merchants created a few policies to address specific issues that arose in its business outside their general policies. The issue that arose in this case, related to collection of a premarital separate debt from a non-debtor spouse,

MERCHANTS CREDIT CORPORATION'S HEARING BRIEF - 1
6437870.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 88    Filed 12/07/18    Ent. 12/07/18 15:59:24    Pg. 1 of 10

was very unusual in regard to Merchants business. Normally, a discharge relates to a debtor, or the debt itself is community property, having been incurred during the marriage. The debt here was incurred before marriage, and the separate debt was not discharged by Mr. Dickerson's bankruptcy discharge. This situation was not addressed in any written policy used by Merchants at the time; and of those employees queried at Merchants, not one recalled ever facing the issue before. Since the commencement of this matter, Merchants has drafted a new policy to address the situation and make sure this does not happen again.

Merchants had an outside attorney around the 2011-2012 time period. The understanding of Merchants' employees that communicated with this attorney around that time was that the attorney had advised that a person's wages only become community property after being deposited in the bank and comingling with those of a spouse. Thus, Merchants' understanding from a former counsel at that time was that garnishment of Ms. Dickerson's separate income to pay her separate debt did not violate the discharge. Ms. Dickerson's former attorney, Andrew Gebelt, made statements to Merchants and Ms. Dickerson consistent with this understanding,[1] which statements are included in the collection notes. *See* Trial Exhibit X1 (X1_000034, lines 1042-1051); (Dkt 38, at ¶ 9, Ex. 1 at 38-39, 95-96). As a result, Ms. Dickerson's file was not marked as being barred by a bankruptcy. Trial Exhibit X1 (X1_000034, lines 1049-1055). If it had been so marked, no garnishment could have been generated. Since the file was not marked as a bankruptcy, neither the Merchants' non-lawyer employee that generated the 2018 Writ of Garnishment nor Jason Woehler, the attorney for Merchants that signed the garnishment, had reason to believe that issuing the garnishment violated the injunction. Once the writ of garnishment was issued, the majority of communications with Ms. Dickerson was handled by Merchants collection agents.

---

[1] Ms. Dickerson's declaration indicated that Mr. Gebelt shared Merchant's understanding that the garnishment could not be stopped without her declaring her own bankruptcy, which is consistent with his earlier statements in the collection notes. Dkt 26, at ¶ 20.

MERCHANTS CREDIT CORPORATION'S HEARING BRIEF - 2
6437870.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

When Merchants issued the Writ of Garnishment in 2018, it had a good faith belief that this was not a violation, based on the information in the collection notes and its prior counsel's advice from 2012. Following issuance of the writ, Ms. Dickerson called many times, but each time she called, she raised multiple issue that mostly had to do with the quality of the debt, rather than the quality of funds used to pay the debt.[2] These calls all had the effect of diverting Merchants' attention away from the quality of her wages as being community property, and focused Merchants on the quality of the debt as being discharged community property.

Christina Henry then became Ms. Dickerson's current counsel. Ms. Henry has had a number of matters in which she has communicated with Merchant's attorney, Jason Woehler. Ms. Henry knew Mr. Woehler is the attorney for Merchants, and possesses Mr. Woehler's email address and his phone numbers, both work and cell. Yet Ms. Henry sent her 06/08/18 letter only to Dave Quigley, and only in snail-mail form. Trial Exhibit X22. Mr. Woehler was out of town for about two weeks when the letter was sent, and does not recall receiving the letter around that time. Trial Exhibit X21. Ms. Henry did not follow up with Mr. Woehler, either with a phone call directly to Mr. Woehler, nor with an email to Mr. Woehler. The first Mr. Woehler recalls in regard to seeing Ms. Henry's letter is when she filed and served the motion for sanctions. Had Ms. Henry directly called or emailed Mr. Woehler earlier, and

---

[2] Ms. Dickerson argued that the debt was barred by her earlier Chapter 7 bankruptcy, but the debt was post-petition and not discharged. Declaration of Marc Rosenberg in Opposition to Motion for Protective Order Trial Exhibit X13 (X13_000006-000007). Ms. Dickerson argued that the debt was barred by her Chapter 13 bankruptcy Trial Exhibit X14 (X14_000009), but this bankruptcy was not confirmed (*see* Trial Exhibit X1 (X1_000032, lines 933-35)). Ms. Dickerson argued that the debt was discharged by her husband's bankruptcy (Trial Exhibit X13 (X13_000001-000002; 0000016)), but she had two debts, one of which was a premarital separate debt and the other was a community debt. Merchants specifically deleted the community debt and did not try to collect on that further, and only sought to collect on the premarital separate debt. (Dkt 38, Ex.1 at 35, 53, 55-58). Ms. Dickerson argued that she had not been served (Trial Exhibit X16 (X16_000007); Trial Exhibit X18 (X18_000004-000010)), but Merchants had a facially valid certificate of service and a valid judgment. Ms. Dickerson argued that the amounts were not correct (Trial Exhibit X19), but Merchants was able to provide information to support the amounts of its claims.

MERCHANTS CREDIT CORPORATION'S HEARING
BRIEF - 3
6437870.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 88    Filed 12/07/18    Ent. 12/07/18 15:59:24    Pg. 3 of 10

provided a specific challenge that Ms. Dickerson's wages consisted in community property of which Mr. Dickerson had an interest, this matter might have been resolved much earlier.

Upon receiving the motion for sanctions, Mr. Woehler immediately sent it to bankruptcy attorney James Dickmeyer. Mr. Dickemeyer indicated to Merchants there might be some possible defenses. Trial Exhibit X25. Merchants authorized Mr. Dickmeyer to try to resolve the matter with Ms. Henry. *Id*. When a couple of weeks passed, Mr. Woehler asked Mr. Dickemeyer whether he had been working with Ms. Henry to resolve this case. Trial Exhibit X27. Mr. Dickemeyer had not worked on the case during this time period. Trial Exhibit X31. On this day, Mr. Dickmeyer called Ms. Henry, who adamantly refused to work to settle the case. Trial Exhibit X28. The day Merchants was advised that Mr. Dickmeyer was at an impasse, it released the writ of garnishment. Trial Exhibit X29. The writ was released in order to be safe. Merchants was relying during this time period on an outside counsel that was more familiar with bankruptcy than was any Merchants' employee.

## II. STATEMENT OF ISSUE

Whether debtor Demetrius Dickerson can prove by clear cogent and convincing evidence that Merchants intentionally violated his discharge injunction.

## III. ANALYSIS

**A.   Merchants did not intentionally violate the discharge.**

As discussed below, and as Merchants' witnesses at the evidentiary hearing will testify, Merchants had a good faith belief that Mr. Dickerson's discharge injunction did not bar collection of Ms. Dickerson's premarital separate debt, and that garnishing her wages was an acceptable way to do so. Accordingly, Mr. Dickerson cannot meet the standard for showing intentional conduct by Merchants.

MERCHANTS CREDIT CORPORATION'S HEARING BRIEF - 4
6437870.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 88    Filed 12/07/18    Ent. 12/07/18 15:59:24    Pg. 4 of 10

A party who is shown by clear and convincing evidence to have knowingly violated the discharge injunction under § 524(a)(2) can be held in contempt under § 105(a). *In re Taggart*, 548 B.R. 275, 286 (B.A.P. 9th Cir. 2016), *aff'd*, 888 F.3d 438 (9th Cir. 2018) (reversing a finding of knowing violation).

> The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply.

*Taggart*, 888 F.3d at 443 (citations and quotation marks omitted).

There is a two-part test to determine the propriety of a contempt sanction in the context of a discharge injunction. *Id.* To justify sanctions under §105, the movant must prove that the creditor (1) knew discharge injunction was applicable and (2) intended actions that violated the injunction. *Id.* To satisfy the first prong, knowledge of the applicability of the injunction must be proved as a matter of fact and may not be inferred simply because the creditor knew of the bankruptcy proceeding. *Id.* "Additionally, **the creditor's good faith belief that the discharge injunction does not apply to the creditor's claim precludes a finding of contempt, even if the creditor's belief is unreasonable**." *Taggart*, 888 F.3d at 444 (emphasis added).

As an initial matter, Ms. Dickerson's individual pre-marital debt was not discharged by Mr. Dickerson's 2012 discharge order; it was incurred by Ms. Dickerson separately, before she married Mr. Dickerson. Mr. Dickerson's bankruptcy applied to his own debt, and to any Community Debt, but not to Ms. Dickerson's premarital Separate Debt. Accordingly, following Mr. Dickerson's bankruptcy discharge, Merchants ceased collection efforts on the Community Debts, and sought only to collect on Ms. Dickerson's, a non-debtor spouse's, premarital Separate Debt. *See* Dkt 28-2 at p. 12 of 15; Dkt 28-2 at p. 13 of 15. Regarding Ms. Dickerson's premarital Separate Debt and Merchants' efforts to collect on that debt by

MERCHANTS CREDIT CORPORATION'S HEARING BRIEF - 5
6437870.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 88    Filed 12/07/18    Ent. 12/07/18 15:59:24    Pg. 5 of 10

garnishing Ms. Dickerson's wages, at no point did Merchants intend to violate Mr. Dickerson's bankruptcy discharge.

### 1. Merchants had not previously encountered any similar situations involving a premarital separate debt from a non-debtor spouse.

As discussed above, and as Merchants' personnel will testify at the evidentiary hearing, Merchants used a body of written policies and procedures drafted by Ontario Systems, a leading trade organization for collection agencies. For any general business scenarios not expressly contemplated by the Ontario policies, Merchants would draft and implement its own original policies. In this case, at the time of Mr. Dickerson's bankruptcy discharge and Merchants' subsequent Writ of Garnishment in 2018, Merchants had no prior experience with this situation, and thus had no policy, from Ontario or drafted organically by Merchants itself, specifically addressing how to approach such a unique situation. As such, Merchants did not intentionally violate any policy or procedure addressing this question. In the time following commencement of this matter, Merchants has drafted its own policy to specifically address analogous scenarios in the future.

### 2. Merchants understood from prior counsel's advice that wages became community property only after being deposited in the bank.

In 2012, Merchants' former counsel was consulted regarding the question of collecting a separate debt from a non-debtor spouse after a bankruptcy discharge, and whether wages were community property. It is the recollection of some Merchants owners and supervisors that this prior counsel had advised Merchants that the wages were not community property until they were deposited in the bank. Merchants' employees, non-lawyers, reasonably followed this advice. As such, Merchants had a good-faith belief that garnishing Ms. Dickerson's wages did not violate Mr. Dickerson's bankruptcy discharge.

MERCHANTS CREDIT CORPORATION'S HEARING
BRIEF - 6
6437870.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 88    Filed 12/07/18    Ent. 12/07/18 15:59:24    Pg. 6 of 10

### 3. Ms. Dickerson's own prior counsel made representations consistent with Merchants' understanding that wage garnishment would not violate the bankruptcy discharge.

While advising Merchants to cease collection of all Community Debt, Ms. Dickerson's former counsel, Andrew Gebelt, agreed that Merchants was nevertheless permitted to collect on the Separate Debt. According to the collection notes, Mr. Gebelt represented that he had no problem with Merchants pursuing garnishment once Mr. Dickerson's bankruptcy was discharged, as Ms. Dickerson's Separate Debt did not fall under community property. Trial Exhibit X1 (X1_000034, lines 1042-1051). As such, Merchants specifically deleted all of the community debt from its system and sought to collect only on Ms. Dickerson's separate debt. Mr. Gebelt also advised Ms. Dickerson that she could not avoid Merchants' wage garnishment efforts without declaring bankruptcy herself. Dkt 26, at ¶ 20. Accordingly, Merchants and Mr. Gebelt appeared to agree that collecting on that Separate Debt by garnishing wages was appropriate, and not in violation of the discharge. Thus, Merchants did not intentionally contravene the bankruptcy discharge by moving forward with the wage garnishment.

### 4. Ms. Dickerson's complaints based on erroneous grounds had the effect of focusing Merchants' attention on the quality of the debt rather than the quality of her wages.

After the writ of garnishment was issued, Ms. Dickerson repeatedly called Merchants, objecting to the collection efforts on various grounds. Indeed, Ms. Dickerson claimed that her debt was barred by her own 2006 Chapter 7 bankruptcy, that the debt was barred by her own 2011 Chapter 13 bankruptcy, that the debt was barred by Mr. Dickerson's bankruptcy, that she had never been served, and that the amounts were incorrect. None of Ms. Dickerson's claims were accurate. Regardless, her arguments had to do with the quality of the debt as being discharged community property, rather than the quality of her wages as being discharged community property. Indeed, Ms. Dickerson never argued that Merchants could not garnish

MERCHANTS CREDIT CORPORATION'S HEARING BRIEF - 7
6437870.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 88    Filed 12/07/18    Ent. 12/07/18 15:59:24    Pg. 7 of 10

her wages to collect on the premarital separate debt, and her various calls diverted Merchants' attention from what is now understood to be a violation.

### 5. Ms. Henry's letter was sent in a manner least calculated to reach Merchants in-house counsel.

Ms. Henry has worked with Mr. Woehler in the past. She knew Mr. Woehler was the attorney for Merchants – thus making him the appropriate contact at Merchants to address Ms. Dickerson's complaints – and Ms. Henry had his email address and phone numbers. For some reason, however, Ms. Henry did not direct her June 8, 2018 letter to Mr. Woehler or otherwise contact Mr. Woehler regarding the present matter at that time. Instead, Ms. Henry sent a hard copy letter, addressed only to Merchants' President Dave Quigley. At the time the letter was sent, Mr. Woehler was out of the office, and he does not recall receiving the letter until Ms. Henry filed and served her Motion for Sanctions. Had Ms. Henry directly communicated with Mr. Woehler, and specifically called his attention to the quality of Ms. Dickerson wages as being community property, the parties may have been able to resolve this issue earlier.

### 6. Merchants relied on counsel, and then released the garnishment after its outside attorney was unable to reach a negotiated settlement with the Dickersons.

As soon as Mr. Woehler received the Debtor's Motion for Sanctions, he forwarded it to Mr. Dickmeyer, an attorney that is more familiar with bankruptcy issues. Mr. Dickmeyer indicated that Merchants had some possible defenses, and Merchants authorized Mr. Dickmeyer to discuss resolution options with Ms. Henry. It appears that Mr. Dickmeyer did not work the case for a couple of weeks, and once Mr. Dickmeyer did contract Ms. Henry, it became clear that she would not discuss settlement of the matter. In an effort to be safe, Merchants released the writ of garnishment once it realized resolution efforts had stalled.

MERCHANTS CREDIT CORPORATION'S HEARING BRIEF - 8
6437870.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 88    Filed 12/07/18    Ent. 12/07/18 15:59:24    Pg. 8 of 10

## IV. CONCLUSION

Merchants did not intentionally violate Mr. Dickerson's bankruptcy discharge by garnishing Ms. Dickerson's wages in effort to collect on her premarital separate debt, and Mr. Dickerson cannot show otherwise by clear and convincing evidence.

Respectfully submitted this 7th day of December, 2018.

LEE SMART, P.S., INC.

By: /s Marc Rosenberg
Marc Rosenberg, WSBA No. 31034
Of Attorneys for
Merchants Credit Corporation
1800 One Convention Place
701 Pike St.
Seattle, WA 98101-3929
(206) 624-7990
mr@leesmart.com

MERCHANTS CREDIT CORPORATION'S HEARING BRIEF - 9
6437870.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 88    Filed 12/07/18    Ent. 12/07/18 15:59:24    Pg. 9 of 10

# CERTIFICATE OF SERVICE

I hereby certify that on the date provided at the signature below, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individual(s):

Christina L. Henry   chenry@hdm-legal.com

James E. Dickmeyer   jim@jdlaw.net

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

DATED this 7th day of December, 2018.

         LEE SMART, P.S., INC.

         By: s/ Marc Rosenberg_____
           Marc Rosenberg, WSBA No. 31034
           Of Attorneys for
           Merchants Credit Corporation

           1800 One Convention Place
           701 Pike Street
           Seattle, WA 98101
           (206) 262-8308
           mr@leesmart.com

MERCHANTS CREDIT CORPORATION'S HEARING BRIEF - 10
6437870.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 88    Filed 12/07/18    Ent. 12/07/18 15:59:24    Pg. 10 of 10