The Honorable Marc Barreca
Chapter 7
Hearing Date: December 13, 2018
Hearing Time: 9:30 am
Hearing Location: US Courthouse / Seattle, WA
Response Date: December 13, 2018

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In Re: | Case No. 12-11284 |
| DEMETRIUS BERTRAND DICKERSON, SR., | MERCHANTS CREDIT CORPORATION'S MOTIONS IN LIMINE |
| Debtor. | |

## I. INTRODUCTION

Merchants Credit Corporation ("Merchants") moves for an order instructing debtor Demetrius Dickerson, his counsel, and his witnesses, to comply with the provisions provided for in this motion and accompanying order; and instructing them not to directly or indirectly mention, refer to, interrogate concerning, or attempt to convey any of the matters indicated below, and contained in the proposed order in limine filed with this motion.

## II. FACTS

This court is familiar with the facts of this case through recent motions practice. Additional facts may be provided as needed below.

## III. POINTS AND AUTHORITIES

**A.  Standard on motions in limine.**

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the

MERCHANTS CREDIT CORPORATION'S MOTIONS
IN LIMINE - 1
6437865.doc

LEE·SMART

P.S., Inc. · Pacific Northwest Law Offices

1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

course of trials." *Luce v. United States*, 469 U.S. 38, 41, 105 S. Ct. 460; 83 L. Ed. 2d 443 (1984). A motion *in limine* is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the trier of fact to disregard the offending matter cannot overcome its prejudicial influence. *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977). A district court's order granting motions in limine is reviewed under an abuse of discretion standard. *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003).

**B. Debtor, his attorney, and his witnesses, should be directed that they may not directly or indirectly mention, refer to, interrogate concerning, or attempt to convey any information regarding the *Brandt* case and/or issues related to the personal bankruptcy of employee Jason Woehler.**

Rule 404 of the Federal Rules of Evidence ("FRE") creates a general prohibition on using evidence of a person's character or character trait in order to prove that on a particular occasion a person acted in accordance with that character or trait. *United States v. Preston*, 873 F.3d 829, 839–40 (9th Cir. 2017) (citing FRE 404(a)(1)). "There is also a particular prohibition against using evidence of other crimes, wrongs, or acts to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character." *Id*. (citing FRE 404(b)(1)). "Even where 404(b) evidence falls within a permitted purpose, it should be excluded, under Rule 403, if the court finds that its probative value is substantially outweighed by a danger of unfair prejudice." *Id*. (citing FRE 403).

Debtor, his attorney, and his witnesses, should be directed that they may not directly or indirectly refer to, interrogate concerning, or attempt to convey information regarding *Brandt v. Columbia Credit Servs.*, Western District of Washington, Case No. 17-cv-703-RSM ("*Brandt*"), and/or issues related to the personal bankruptcy of employee Jason Woehler.

MERCHANTS CREDIT CORPORATION'S MOTIONS
IN LIMINE - 2
6437865.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 92    Filed 12/10/18    Ent. 12/10/18 13:28:25    Pg. 2 of 6

Merchants' current employee, Jason Woehler, was a defendant in *Brandt*. Mr. Woehler worked for a different company during events in *Brandt*, and these events all occurred prior to Mr. Woehler's employment with Merchants. In *Brandt*, Mr. Woehler was found liable under the FDCPA, a strict liability statute where unintentional violations of the statute can create liability. As the *Brandt* court held: "The test for determining whether a debt collector violated the FDCPA is objective and does not depend on whether the debt collector intended to deceive or mislead the consumer." *Brandt*, 2018 WL 1757114, at *5 (citing *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006)). Because of the *Brandt* judgement, Mr. Woehler declared personal bankruptcy.

Debtor intends to use *Brandt* for the purpose of showing that Jason's Woehler conduct here was in accordance with prior bad acts. *See* (Dkt 91) (Debtor's Exhibits D69-D70). This line of questioning violates FRE 404(b)(1). Here, there also has to be a knowing violation of the discharge injunction, and what was held to be Mr. Woehler's inadvertent violation of the FDCPA is irrelevant to whether Merchants knowingly violated Mr. Dickerson's discharge injunction in this specific instance. This line of questioning would be highly prejudicial to Merchants, which was not involved in *Brandt*, and did not employ Mr. Woehler during that time. In summary, testimony regarding *Brandt* and/or Mr. Woehler's personal bankruptcy violates FRE 404(b)(1), is not admissible for any permitted use set forth in FRE 404(b)(2), is irrelevant to the issue in this hearing, and even if it be considered relevant, FRE 403 still renders such evidence inadmissible for its unfair prejudice to Merchants, which outweighs any probative value. *Preston*, 873 F.3d at 839–40. As such, such questioning should be precluded.

**C.  Since only Merchants' subjective belief is at issue in the initial evidentiary hearing, witnesses should be limited to Merchants' owners, officers, supervisors, and/or employees.**

In response to Merchants' subpoena to Shirley Dickerson, Mr. Dickerson filed a Motion to Quash Subpoena and for Protective Order (Dkt. 70), arguing that the pending evidentiary

MERCHANTS CREDIT CORPORATION'S MOTIONS
IN LIMINE - 3
6437865.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 92    Filed 12/10/18    Ent. 12/10/18 13:28:25    Pg. 3 of 6

hearing on liability in this matter is limited to the subjective belief held by Merchants when it took the collection actions at issue. Mr. Dickerson set forth the position that:

> Only Merchants and its employees can testify to Merchants' state of mind. The pending hearing in this matter concerns the subjective belief held by Merchants when it took collection actions against the Dickersons in violation of the discharge injunction.

(Dkt. 70 at 3).

At the November 16, 2018 hearing on the motion to quash, the Court noted that the parties already had transcripts of Ms. Dickerson's recorded communications with Merchants, and that neither Ms. Dickerson, nor her former counsel Andrew Gebelt, could offer any testimony relevant to Merchants' own subjective beliefs and the scienter element at issue in the evidentiary hearing, beyond the four corners of what had previously been captured in the collection notes or the recorded communications. (Dkt 79). By this same reasoning, the only witnesses with relevant knowledge and testimony regarding whether Merchants did not intentionally violate the discharge injunction is limited to Merchants' own owners, officers, supervisors, or employees. No other witnesses should be permitted to testify as to the subjective beliefs of Merchants, beyond what is already in the record. It appears that Debtor has not disclosed any other witness for purposes of the hearing. (Dkt 91 at 1-2). However, no surprise "rebuttal witness" should be permitted at the evidentiary hearing.

> **D. Since only Merchants' subjective belief is at issue in the initial evidentiary hearing, in regard to whether it intended to violate the discharge injunction, Debtor, his attorney, and his witnesses, should be directed that they may not directly or indirectly mention, refer to, interrogate concerning, or attempt to convey information regarding claimed damages.**

By order of this Court: "[t]he initial evidentiary hearing will be limited to issues relevant to whether sanctions should be imposed for the…discharge injunction violation. A separate evidentiary hearing on damages will be set at a later date if necessary." (Dkt 69).

MERCHANTS CREDIT CORPORATION'S MOTIONS
IN LIMINE - 4
6437865.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 92    Filed 12/10/18    Ent. 12/10/18 13:28:25    Pg. 4 of 6

Accordingly, any reference to alleged damages or injury at the evidentiary hearing is irrelevant and improper. Since only Merchants' subjective belief is at issue in regard to whether it intended to violate the discharge injunction, Debtor, his attorney, and his witnesses, should be directed that they may not directly or indirectly mention, refer to, interrogate concerning, or attempt to convey any information regarding claimed damages.

### IV. CONCLUSION

For the reasons set forth above, Merchants respectfully requests that this Court grant the above motions in limine and enter the Order being submitted with this motion.

DATED this 10 day of December, 2018.

          LEE SMART, P.S., INC.

          By: /s Marc Rosenberg
              Marc Rosenberg, WSBA No. 31034
              Of Attorneys for
              Merchants Credit Corporation
              1800 One Convention Place
              701 Pike St.
              Seattle, WA 98101-3929
              (206) 624-7990
              mr@leesmart.com

MERCHANTS CREDIT CORPORATION'S MOTIONS IN LIMINE - 5
6437865.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 92    Filed 12/10/18    Ent. 12/10/18 13:28:25    Pg. 5 of 6

# CERTIFICATE OF SERVICE

I hereby certify that on the date provided at the signature below, I electronically filed the preceding document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individual(s):

| | |
|---|---|
| Christina L. Henry | chenry@hdm-legal.com |
| James E. Dickmeyer | jim@jdlaw.net |

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

DATED this 10 day of December, 2018.

> LEE SMART, P.S., INC.
>
> By: s/ Marc Rosenberg
> Marc Rosenberg, WSBA No. 31034
> Of Attorneys for
> Merchants Credit Corporation
>
> 1800 One Convention Place
> 701 Pike Street
> Seattle, WA 98101
> (206) 262-8308
> mr@leesmart.com

MERCHANTS CREDIT CORPORATION'S MOTIONS IN LIMINE - 6
6437865.doc

LEE·SMART
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

Case 12-11284-MLB    Doc 92    Filed 12/10/18    Ent. 12/10/18 13:28:25    Pg. 6 of 6